S03Y0112. IN THE MATTER OF MICHELLE DAWN STRICKLAND.
(575 SE2d 500)

PER CURIAM.

This disciplinary matter is before the Court pursuant to a Notice of Discipline filed by the State Bar alleging that Respondent Michelle Dawn Strickland violated Rules 1.3, 1.5, 1.15 (II) (b), 8.4 (a) (4), and

---

9.3 of the Georgia Rules of Professional Conduct, found at Bar Rule 4-102 (d). Violations of Rules 1.3, 1.15 (II) (b), and 8.4 (a) (4) are punishable by disbarment, the sanction presently sought by the State Bar. Strickland failed to acknowledge service of the Notice of Discipline within 20 days of its mailing to her post office box, the official address provided by her to the State Bar. Accordingly, pursuant to Bar Rule 4-203.1 (b) (3) (ii), she was served by publication with notices published in the Fulton County Daily Report, Atlanta, Georgia, on October 18, 2002, and October 25, 2002. Contemporaneously with the publication, the State Bar mailed a copy of the service documents by first class mail to Strickland at the address shown in its Membership Department records. Because she failed to file a Notice of Rejection of the Notice of Discipline as provided in Bar Rule 4-208.3, Strickland is in default, has no right to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court. Bar Rule 4-208.1 (b).

By virtue of Strickland's default, the following facts are deemed admitted. On or about September 2001, Strickland was hired to represent a client in filing a bankruptcy petition. The client paid Strickland $500 up front as attorney fees and entrusted her with an additional $200 on December 19, 2001 to use as filing fees for the petition. Although Strickland told the client that she would file the petition on December 21, 2001, she failed to file it. Subsequently, in early January 2002, the client called Strickland to determine the status of her case and to obtain the case number. Although Strickland promised the client that she would call her back with the case number, she failed to do so. After the client called the Clerk of the U. S. Bankruptcy Court and learned that her bankruptcy petition had never been filed, she called Strickland and left a voice message terminating Strickland's services and demanding that the funds previously paid for attorney fees and filing fees be returned. Strickland, however, failed to return the funds. Instead, she told the client that the petition had not been filed in December because the filing fee check inadvertently had been omitted. Strickland then filed the petition with the bankruptcy court on January 29, 2002. Subsequently, however, the filing fee check was returned for insufficient funds and, although the clerk of the bankruptcy court directed Strickland to submit a money order for the filing fee and the service charge, she failed to do so or otherwise respond to the clerk. On March 6, 2002, Strickland failed to appear before the bankruptcy court on her client's behalf and, after the court was unable to reach Strickland due to the fact that her phone had been disconnected and her voice mailbox was full, her client was forced to appear without representation. Despite numerous attempts since then, Strickland's client has been unable to contact her. Further, Strickland has failed to return any portion of

the fee paid her by the client and has apparently used unearned portions of the fee, as well as the filing fees entrusted to her, for her own benefit.

Based on our review of the record, we agree with the State Bar that disbarment is the appropriate sanction in this matter. Even though Strickland has not been the subject of the imposition of discipline in any previous instance, we note in aggravation of the level of discipline that she abandoned and deceived a client while converting the client's property. Accordingly, Strickland is disbarred from the practice of law in Georgia. She is reminded of her duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED JANUARY 13, 2003.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar*, for State Bar of Georgia.